# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| IGNACIO AMARO-ELIZALDE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. C-5-5755<br>CR-4-5346<br><br>ORDER DENYING DEFENDANT'S SECTION 2255 MOTION |

Before the Court is the motion of Petitioner IgnazioAmaro-Elizalde under 28 U.S.C. § 2255 to vacate his conviction and sentence. Petitioner bases his motion, in part, on the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), arguing that he is entitled to a downward departure under the Federal Sentencing Guidelines. Having reviewed the motion, response, and balance of the record, the Court finds that Petitioner's motion shall be denied because *Booker* does not apply to the 11(e)(1)( C) plea entered into by the parties in this case.

I.

*Factual and Procedural Background*

On June 30, 2004, Petitioner and two co-defendants were charged with conspiracy to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1), 842(b)(1)(B), and 846. On November 24, 2004, Petitioner was arraigned on the Indictment.

ORDER - 1

On November 24, 2004, Petitioner and Respondent entered into a guilty plea agreement pursuant to Federal Rule of Criminal Procedure 11(e)(1)( C). On March 2, 2005, Petitioner was sentenced to 70 months of imprisonment pursuant to that plea agreement.

On November 18, 2005, Petitioner timely filed his petition to vacate and correct the sentence pursuant to 28 U.S.C. § 2255.

II.

*Discussion*

Petitioner asks the court to grant an evidentiary hearing to consider his claim for a downward departure under the Guidelines. Petitioner is not entitled to a hearing as he has not alleged any specific facts which, if true, would entitle him to relief. In addition, the petition, files and record conclusively show that he is not entitled to such relief.

Petitioner entered into a plea agreement in which he agreed that he would be sentenced to 70 months of imprisonment. When this court took his guilty plea, Petitioner expressly admitted to understanding that if the court accepted his plea, he would be sentenced to 70 months of imprisonment. Petitioner now claims that his counsel provided ineffective assistance of counsel for failing to argue that he was entitled to a downward departure.

Petitioner's sentence was imposed in March of 2005, several months after the decision in *Booker* was announced. Petitioner's counsel cited to *Booker* in the sentencing memorandum filed on behalf of Petitioner. However, in accordance with the Rule 11(e)(1)( C) plea agreement, counsel recognized that the *Booker* case was irrelevant. The parties agreed to a 70 month sentence. This court had authority to either accept or reject that recommendation. Petitioner was also free to withdraw from the plea agreement and proceed to trial.

Respondent also argues that Petitioner has waived a claim that *Booker* could somehow have affected his sentence and that no exceptions apply to assist Petitioner in overcoming this procedural default. The court agrees. Petitioner failed to present this issue although there was full opportunity

ORDER - 2

for him to do so during the trial phase and on direct appeal. He has not shown sufficient cause for the default or resulting prejudice. Nor can he excuse the procedural default by establishing actual innocence.

### III.

The court finds that Petitioner's sentence was constitutionally imposed. He entered into a binding plea agreement for an agreed sentence of 70 months and that is the sentence the court imposed. The court sees no ineffective assistance of counsel for failure to recognize the effects of *Booker*. Rather, under the circumstances of the plea agreement between the parties, counsel correctly recognized that the *Booker* decision was not relevant and that Petitioner was not entitled to a downward departure from his agreement.

ACCORDINGLY,

IT IS ORDERED:

(1) Petitioner's Motion (Dkt.#1) pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

DATED this 6th day of February, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3